IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL SOSA GUERRERO, | § | |
| TDCJ # 938195, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-04-0926 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Manuel Sosa Guerrero, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a state felony conviction. Having reviewed the petition and available state records, the court finds that Guerrero's habeas petition is untimely. Accordingly, this action will be **DISMISSED** under the provisions of 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

Guerrero was charged with sexually assaulting his twelve-year-old stepdaughter. After entering a guilty plea, Guerrero was given ten years probation on October 13, 1997. Guerrero's probation was later revoked, and the trial court found him guilty of aggravated sexual assault of a child and sentenced him to fifteen years in the Texas Department of Criminal Justice. *State v. Guerrero*, No. 731516-A (185th Dist. Ct., Harris County, Tex., Aug. 10, 2000). No direct appeal was filed.

On February 10, 2002, one year and six months after the date of the criminal judgment, Guerrero filed a state application for a writ of habeas corpus under TEX. CODE CRIM. PRO. art. 11.07 requesting DNA testing. Guerrero made the request believing that the results would prove his

innocence. Pursuant to the Texas Rules of Criminal Procedure, the application was forwarded to the Texas Court of Criminal Appeals which denied it without a written order on February 4, 2004. *Ex parte*, *Guerrero*, No. 57,863-01. *See* Internet Website for the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions. Guerrero executed his federal petition for a writ of habeas corpus on March 2, 2004. Therefore, it is considered filed on that date. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998).

Guerrero presents the following claims:

1. Guerrero is illegally incarcerated because of newly discovered evidence, namely that there was no medical evidence which linked Guerrero to the crime.

2. There are newly discovered medical records which show that there is no "biological evidence that would connect" Guerrero and the complainant.

3. The Houston Police Department's Crime Lab did not receive any evidence relating to the offense in question.

4. The Houston Police Department's Crime Lab did not possess any evidence relating to the offense in question.

## II. One-Year Statute of Limitations

Guerrero's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

2

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Guerrero entered a guilty plea and did not appeal. Therefore, the conviction became final on September 9, 2000, the last day he could have filed a notice of appeal. TEX. R. APP. P. 26.2 (West 2000). *See also Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003), *citing Flanagan*, 154 F.3d at 197. Pursuant to the AEDPA, Guerrero had one year from that date to file a federal habeas petition. *See Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004). In the alternative, Guerrero needed to file a state habeas application within the one-year period in order to toll it. *Flanagan*, 154 F.3d at 199 n.1.

As noted above, Guerrero filed a state habeas application on February 10, 2002, one year and five months after his conviction became final. Consequently, the application did not toll the one-year

3

limitation period because it was filed well beyond the period's expiration date. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Guerrero's federal petition for a writ of habeas corpus was filed March 2, 2004, or more than three years and five months after his conviction became final. Therefore, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A). There is no indication that Guerrero was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no newly recognized constitutional right upon which the petition is based. 28 U.S.C. § 2244(d)(1)(C).

Liberally construed, Guerrero's pleadings indicate that there is a newly discovered factual predicate upon which he bases claims. Namely, he asserts that he did not realize that there was no physical evidence against him until after the conviction was final. *See* 28 U.S.C. § 2244(d)(1)(D). There is no indication that any evidence, or lack of it, was withheld from Guerrero before he entered his plea of guilty. Guerrero's evidence shows that the offense occurred well before he was charged and that the prosecution was primarily based on the victim's outcry which was made years after the date of the sexual assault. It would have been clearly evident that there was probably no physical evidence which affirmatively would have showed that Guerrero had any physical contact with the victim. The one-year limitation period would not be extended until he obtained written documentation that there was no such evidence in existence. *See Flanagan*, 154 F.3d at 198-99. Consequently, Guerrero's claims are time-barred and must be dismissed under the provisions of 28 U.S.C. § 2244(d).

Moreover, Guerrero was found guilty pursuant to a plea of guilty. He does not claim that his plea was coerced or that it was made unknowingly, unintelligently or unwillingly. Barring such a showing, the conviction and sentence will be upheld. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000), *citing James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). *See also Matthew v. Johnson*,

4

201 F.3d 353, 364 (5th Cir. 2000). Therefore, there is no basis to Guerrero's petition, and it would be subject to dismissal on the merits if it were not time-barred. In addition, not all of the claims presented in the federal habeas petition were submitted to the Texas Court of Criminal Appeals. Consequently, the petition would be subject to dismissal for failure to exhaust state court remedies as required by 28 U.S.C. § 2254. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998), *citing Picard v. Connor*, 92 S.Ct. 509 (1971); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998), *citing Rose v. Lundy*, 102 S.Ct. 1198 (1982).

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000). If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001), *quoting Slack*, 120 S.Ct. at 1604. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Guerrero is not entitled to a COA under the applicable standards. *See* 28 U.S.C. § 2253(c).

### IV. Conclusion

The court **ORDERS** the following:

5

1. This cause of action is **DISMISSED** with prejudice.

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A certificate of appealability from this dismissal is **DENIED**.

4. The Clerk shall send a copy of this Memorandum Opinion and Order to the Office of the Texas Attorney General.

**SIGNED** on this 26th day of May, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE